[791 NYS2d 589]

In the Matter of BARRY KROHN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 7, 2005

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

*Barry Krohn*, Deerfield Beach, Florida, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida dated June 12, 1997 (*Florida Bar v Krohn*, 696 So 2d 343 [Fla 1997]), the respondent was permanently disbarred from the practice of law in that state, effective immediately. The circumstances which resulted in that order are as follows:

While the Florida bar was investigating charges of misappropriation of funds by the respondent in 1993, he voluntarily disclosed that he had been severely abusing prescription drugs during the relevant time period. In October 1993 the respondent entered into a conditional nolo contendere plea to a consent judgment by which he agreed to a two-year suspension from the practice of law followed by a three-year term of probation. He agreed that any violation of his contract with Florida Lawyers Assistance, Inc., or of the rules regulating the Florida bar would require him to resign from the Florida bar for five years, commencing from the date of the resignation. In December 1993 Florida Lawyers Assistance, Inc., notified the Florida bar that the respondent tested positive for drugs. A petition by the Florida bar for enforcement of the order approving the referee's report was granted and the respondent's five-year resignation took effect on August 18, 1994.

On December 5, 1996, the Florida bar received a sworn statement from Fred Sadtler and Lisa Perez, special investigator for personal claims and claims specialist, respectively, for Liberty Mutual Group. Mr. Sadtler and Ms. Perez advised the Florida bar that the respondent was representing claimants in the role of attorney in claims against Liberty Mutual Group. At the time, the respondent knew or should have known that he was not permitted to engage in the practice of law. There was no pending reinstatement proceeding, nor was he eligible for reinstatement until 1999.

Florida bar counsel found that the respondent clearly identified himself as an attorney to agents of both Liberty Mutual

Group and State Farm Insurance Company. He participated in extensive settlement negotiations on behalf of clients, including receiving and executing settlement drafts, utilizing legal letterhead in communications with the insurers, and representing to an attorney for the insurers, on January 27, 1997, that he was an attorney licensed to practice law in Florida, in direct contravention of Florida court orders entered November 18, 1993, and August 18, 1994. Absent extenuating circumstances and because the respondent's clear purpose was to secure an attorney's fee for himself, the Florida bar counsel recommended the respondent's permanent disbarment.

In view of the respondent's unequivocally expressed intent to forego a hearing and to abide by whatever decision this Court makes, the respondent's motion to withdraw his request for a hearing is granted.

The respondent has expressed deep remorse and represents that he will never again practice law in Florida and New York. He claims to have been in recovery since 1998 and is presently trying to reestablish his life as a nonlawyer. He asks the Court to afford him some measure of dignity by allowing him to designate his status as retired, as opposed to disbarred.

In view of the pending disciplinary proceeding, the respondent may not designate himself as retired from the practice of law. Such a certification, which can be withdrawn at will, gives no indication of an attorney's disciplinary status. Accordingly, that portion of this Court's decision and order on motion dated August 9, 2004, as held in abeyance the petitioner's motion to impose reciprocal discipline and directed that a hearing be conducted before the Honorable Francis X. Egitto, as Special Referee, is recalled and vacated, and the respondent is disbarred based upon the disciplinary action taken against him in the State of Florida.

H. Miller, J.P., Schmidt, Ritter, Santucci and Krausman, JJ., concur.

Ordered that the respondent's motion to withdraw his request for a hearing with respect to the petitioner's motion, pursuant to 22 NYCRR 691.3, to impose discipline upon him based upon his disbarment in the State of Florida is granted and so much of this Court's decision and order on motion dated August 9, 2004, as held in abeyance the petitioner's motion to impose reciprocal discipline and directed that a hearing be held before the Honorable Francis X. Egitto, is vacated; and it is further,

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Barry Krohn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Barry Krohn, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barry Krohn, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Barry Krohn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).